UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMINE TECHNOLOGY CO., LTD.,

    Plaintiff(s),

v.

ATEN INTERNATIONAL CO., LTD.,

    Defendant(s).

_____/

No. C 08-3122 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is the motion of defendant Aten International Co., Ltd.'s ("Aten") to dismiss plaintiff Emine Technology Co., Ltd.'s ("Emine") complaint for insufficient service of process. The motion is fully briefed and the court finds that oral argument is unnecessary and hereby VACATES the December 17, 2008 date for hearing. The motion is GRANTED for the reasons that follow.

**BACKGROUND**

    This is a patent case brought by plaintiff Emine, a corporation organized and existing under the laws of Taiwan, with its principal place of business in Taipei, Taiwan. Emine is a designer, manufacturer, and provider of peripheral connectors and networking hardware. Defendant Aten is a corporation also organized and existing under the laws of Taiwan, with its principal place of business in Taipei, Taiwan.

    Aten owns U.S. Patent No. 7,035,112 ("the '112 Patent"), entitled "Automatic Switch," issued on April 25, 2006. On December 7, 2007, Aten initiated an investigation with the U.S. International Trade Commission ("ITC") alleging that Emine unlawfully imports into the United States, sells for importation into the United States, and/or sells within the United States after importing, certain switches that infringe one or more claims of the '112

Patent. Despite the ITC's determination on February 8, 2008 that Emine did not violate the applicable section of the Tariff Act (19 U.S.C. § 1337), Emine's complaint notes Aten's continued allegations that Emine manufactures, markets, and sells products that infringe the '112 Patent.

On June 25, 2008, Aten filed a patent infringement suit against Emine in the Eastern District of Texas, asserting infringement of the '112 Patent.

Emine filed this action against Aten two days later seeking the following relief: (1) a declaratory judgment that it does not manufacture, market, and sell products that infringe Aten's '112 Patent; and (2) a permanent injunction enjoining Aten from claiming that Emine infringed the '112 Patent; from interfering or threatening to interfere with the manufacture, sale, license or use of Emine's products; and from instituting any lawsuit or proceeding against Emine in regards to the '112 Patent.

Emine attempted to effectuate service upon Aten using both personal service and mail. In order to effectuate personal service, Carrie Tsang ("Tsang"), a legal assistant to Emine's counsel, went to Aten's principle place of business in Tapei, Taiwan to deliver the complaint to Kevin Chen ("Chen"), the CEO of Aten. Upon her arrival at the facility, Tsang informed the receptionist at the front desk that she had legal documents to deliver to Chen. The receptionist instructed Tsang to leave the documents at the front desk with her and that she would deliver them to Chen. Tsang followed the receptionist's instructions and left the documents with her. In addition to personal service, Emine also attempted to serve Aten by mail. Aten now moves to dismiss Emine's complaint on grounds of insufficient service of process, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5).

**DISCUSSION**

A.  Legal Standard

    1.  Rule 12(b)(5)

Where the validity of service is contested by a Rule 12 motion, the burden is on the plaintiff to establish validity of service. SCHWARZER, TASHIMA & WAGSTAFFE, FEDERAL CIVIL

PROCEDURE BEFORE TRIAL (2006) § 9:148.  Plaintiff normally meets this burden by producing the process server's return of service.  Id. at § 9:149.  That return is generally accepted as prima facie evidence that service was effected, and of the manner in which it was effected.  Id.

Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service.  Id. at § 9:150.  In response, the plaintiff must provide evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve.  Id. at § 9:151.  If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and simply quash the service.  Id. at § 9:153.

2.     Rule 4(f)

Under Rule 4(h)(2), a foreign corporation may be served in any manner prescribed for service of process upon individuals in a foreign country set forth in Rule 4(f), *except* by personal delivery as provided in Rule 4(f)(2)(C)(i).  Rule 4(f) provides:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
> 
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> 
> (2) if there is no internationally agreed means, or if an international agreement allows but does not

3

```
                    specify other means, by a method that is
                    reasonably calculated to give notice:
                         (A) as prescribed by the foreign country's
                         law for service in that country in an action in
                         its courts of general jurisdiction;
                         (B) as the foreign authority directs in response to a letter
                         rogatory or letter of request; or
                         (C) unless prohibited by the foreign country's law, by:
                              (i) delivering a copy of the summons and of the
                              complaint to the individual personally; or
                              (ii) using any form of mail that the clerk addresses
                              and sends to the individual and that requires a
                              signed receipt; or
                    (3) by other means not prohibited by international agreement, as
                    the court orders.
```

B.   Defendant's Motion

Aten argues first that Emine's service by Taiwanese mail does not constitute proper service under Rules 4(h)(2) and 4(f). Next, Aten argues that Emine's service by leaving a copy of the summons and complaint at Aten's office does not constitute proper service under Rule 4(h)(2) and 4(f). Specifically, Aten argues that Rule 4(h)(2) expressly disallows service of a corporation in a foreign country by means of personal delivery of the summons.

Emine argues in opposition, that its methods of service – i.e., personal delivery and mail through the Taiwanese Postal Service – are proper under Rule 4(f)(2). First, Emine contends that it properly effected service by personal delivery when Tsang delivered the complaint and other documents to Chen at Aten's principle place of business in Taiwan. Emine argues that because Taiwan law does not provide for the method of service in cases

1  where the law suit is brought in a United States court, United States law should govern
2  service of process.  With regard to Aten's argument that service by mail was improper,
3  Emine argues that Taiwan law and the United States courts' interpretation of Taiwan law
4  allow service by mail to a Taiwanese corporation.  Finally, Emine requests the court to
5  direct service by other means not prohibited by international agreement as provided in Rule
6  4(f)(3), should the court find that Emine's methods of service were deficient.

7  Rule 4(f)(2)(A) appears to be the provision that applies here.  Rule 4(f)(1) cannot
8  apply because Taiwan is not a signatory to the Hague Convention.  Cosmotech
9  International, LLC v, Der Kwei Enterprises, 943 F.Supp 311, 316. (S.D.N.Y. 1996).  Rule
10 4(f)(2)(B) does not apply either, as Taiwan has not directed a method of service in
11 response to a letter rogatory.  Moreover, Rule 4(h) specifically states that personal service
12 under 4(f)(2)(C)(i) is not proper.  Finally, 4(f)(2)(C)(ii) does not apply because that
13 subsection requires the clerk to address and mail the service of process, and here Emine
14 effectuated service, not the court clerk.  See Brockmeyer v. May, et al., 383 F.3d 798, 805
15 (9th Cir. 2004) (Rule 4(f)(2)(C)(ii) did not provide a basis for service where notice was not
16 mailed by clerk of the district court).

17 Rule 4(f)(2)(A) consists of the following two requirements: (1) the method of service
18 must be reasonably calculated to give notice; and (2) the required method is that
19 prescribed by Taiwanese law for service in Taiwan in an action in the Taiwanese courts of
20 general jurisdiction.  Fed. R. Civ. Proc. 4(f)(2)(A).

21 The Taiwan Code of Civil Procedure sets forth the Taiwanese procedures for
22 effecting service in Taiwan, in actions in the Taiwanese courts.[1]  Article 123 states that
23 "[e]xcept as otherwise provided, service of process will be administered by the court clerk
24 on his/her own authority."

---

[1] Emine has provided the court with a copy of the Taiwan Code of Civil Procedure in both Chinese and English.  See Pl.'s Decl. Of Sang N. Dang.  Aten has also provided the court with a translated copy of the civil code.  See Def.'s Reply Decl.

5

United States District Court
For the Northern District of California

1    The court determines which, if any, of the methods Emine used to effectuate service
2 on Aten were consistent with this rule.

3    1.    Service by Mail

4    It is not clear from the parties' papers whether Emine mailed the complaint and
5 summons to Aten within Taiwan, i.e., through the Taiwanese Postal System, or
6 internationally, i.e., from the United States to Taiwan.  Emine refers to serving Aten through
7 the "Taiwan Postal Service", Pl.'s Opp. at 4, and has only included proof of service
8 documents in Chinese, without a translation.  Aten, on the other hand, refers to service of
9 process by international mail as "the method used by the plaintiffs." Def.'s Reply at 5.  The
10 particular postal service used is not ultimately a determinative factor, however, as service
11 by mail does not appear to be proper in either case.

12    a.    International Mail

13    In Brockmeyer, the Ninth Circuit held that Rule 4(f)(2)(A) does not include service by
14 international mail.  383 F.3d at 806.  The court provided several justifications for its
15 conclusion.  First, the court noted that "the common understanding of Rule 4(f)(2)(A) is that
16 it is limited to personal service."  Id.  Next, the court noted the "explicit mention of
17 international registered mail in Rule 4(f)(2)(C)(ii) and the absence of any such mention in
18 Rule 4(f)(2)(A)."  Id.  Third, the court considered the British Government's preferences
19 regarding service of process.  Specifically, in considering the British Government's laws
20 regarding service of process, the court found that the British Government's desire to
21 exclude international mailing from Rule 4(f)(2)(A) supported its decision that service
22 through international mail to England was not a proper method under the rule.  Id. at 807.

23    Finally, the court cited a string of cases rejecting service of process by international
24 mail under Rule 4(f)(2)(A).  Id. (citing Prewitt Enters v. OPEC, 353 F.3d 916, 925 (11th Cir.
25 2003) (rejecting plaintiff's argument that Rule 4(f)(2)(A) authorizes service of process on
26 OPEC by international registered mail sent to Austria); Res. Ventures, Inc. V. Res. Mgmt.
27 Int'l, 42 F.Supp. 2d 423, 430 (D. Del. 1999) (holding that service of process by international
28

6

registered mail to Indonesia was not an appropriate method of service under Rule 4(f)(2)(A)); Dee-K Enters. V. Heveafil Sdn. Bhd., 174 F.R.D. 376, 378-79 (E.D. Va. 1997) (holding that Rule 4(f)(2)(A) did not authorize service of process by international mail to Indonesia or Malaysia)).

### b. Taiwanese Mail

In addition, even if Emine attempted service through the Taiwanese Postal System, Taiwanese law requires that service of process be effectuated by the court clerk. See Article 123. Moreover, Article 124 provides that "[s]ervice of process shall be effectuated buy an execution officer or post office delegated by the court clerk. In cases of service effectuated by a post office, the relevant postman shall be deemed the person who effects service." Emine has not shown that the clerk delegated any execution officer or post office for the purpose of mailing service to Aten. Thus, Emine's attempted service through either international or Taiwanese mail did not comport with the requirements of Rule 4(f)(2)(A).

### 2. Personal Service in Taiwan

Next, Emine argues that it properly effectuated service by personally delivering the complaint and summons to Aten's place of business in Taiwan. As noted above, the Taiwanese Code of Civil Procedure requires that the clerk of the Taiwanese court effectuate service in order for service to be proper. Emine argues that Article 131, which allows service to be effectuated upon the manager of a business, permits Tsang's personal service upon Chen, since he is the CEO of Aten. Furthermore, Emine contends that Taiwanese law allows for the complaint and summons to be left with someone such as a receptionist.

Article 131 of the Taiwanese Code of Civil Procedure provides that "[i]n an action regarding a business, service may be effectuated upon the manager." Additionally, Article 137 allows service to be effectuated by leaving the papers with a housemate or employee of the person to be served "[w]hen the person to be served cannot be found in his/her domicile/residence, office, or place of business." In a declaration submitted with Emine's

opposition, Victor Chen, a licensed attorney in Taiwan, explains that under Taiwanese precedent "the superintendent of the building or anyone authorized by the tenants association of the building to receive mail is deemed to be the 'employee' of the tenants of the building. See Pl.'s Opp. Decl. at 2.

Although Emine correctly notes that service can be made upon a manager of a business, and that the documents can be left with an employee of the person to be served, and while Chen's definition of "employee" may suggest that Emine's service upon the receptionist at Aten's place of business in Taiwan was proper, the personal service attempted here was nonetheless insufficient because the Taiwanese Code explicitly requires the court clerk to administer service of process, "except as otherwise provided." Article 131 allows service upon the manager of a business, but it does not permit an individual or entity other than the court clerk to properly effectuate service. Likewise, while Taiwanese precedent interprets "employee" broadly to allow service upon the receptionist at a place of business, Emine has not provided the court with authority establishing that anyone *other than the court clerk* is permitted to carry out service in cases in Taiwanese courts governed by Taiwanese law.

Lastly, the court declines Emine's request that it direct service by other means not prohibited by international agreement as permitted by Rule 4(f)(3). It is not the court's role to figure out what other means of service are available or whether those means are or are not prohibited by any international agreement.

## CONCLUSION

Rule 4(f)(2)(A) requires that service be effectuated according to Taiwanese law. As Emine has not met its burden of showing that it complied with the Taiwanese legal requirements, the motion to dismiss for insufficient process (docket entry 11) must be and is GRANTED. The dismissal is, of course, without prejudice. Aten's motion to dismiss, stay, or transfer, (docket entry 22) also scheduled for hearing on December 17, 2008, is rendered MOOT by this ruling, and is hereby TERMINATED without prejudice. Although

8

that motion has not been fully briefed, the court notes that it raises what appears to be a meritorious argument under the "first to file rule," that an action between these same parties based on the same patent dispute properly should he heard in one district where several previously filed suits are already pending. Accordingly, should Emine elect to refile in this district and attempt to make proper service upon Aten, Aten is invited to refile the motion to dismiss, stay or transfer.

**IT IS SO ORDERED.**

Dated: November 21, 2008

PHYLLIS J. HAMILTON
United States District Court